IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NEIL WILLIAMS,**

       **Plaintiff,**

v.                                      **Civil Action No.  2:18cv135**
                                              **(Judge Bailey)**

**SCOTT SMITH, Prosecutor;**
**WEST VIRGINIA PAROLE BOARD,**

       **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff initiated this *pro se* civil action on December 26, 2018, by filing a complaint pursuant to 42 U.S.C. § 1983.  The Plaintiff alleges that Defendant Smith violated the Separation of Powers under the West Virginia Constitution and usurped the power of the Parole Board to influence their decision. The Plaintiff further alleges that Defendant Smith provided the Parole Board with false information. With respect to the Defendant Parole Board, the Plaintiff alleges that it, through Susan Cross, denied him access to critical documentation and information that was used to deny him parole. For relief, Plaintiff seeks damages from Defendant Smith, a jury trial, and an order to convene a parole hearing interview with an attorney appointed to represent and protect his interests. Simultaneously with his complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). On February 8, 2019, Thomas E. Buck filed a Notice of Appearance on behalf of the Defendants as well as a Response in Opposition to  the Plaintiff's Application to proceed IFP.

The Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly.[1] The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that four of Plaintiff's prior civil cases qualify as strikes under

---

[1] The statute does not apply to habeas actions. *Smith v. Angelone*, 111 F.3d 1126, 1131 (4th Cir. 1997) ("[A]pplying the PLRA to habeas actions would have an inequitable result certainly unintended by Congress: a prisoner who filed three groundless civil suits might be barred any access to habeas relief."); *see also Martin v. United States*, 96 F.3d 853, 855-56 (7th Cir. 1996). Whether a frivolous habeas petition or habeas appeal counts as one of the three strikes under § 1915(g) does not appear to have been addressed by the Fourth Circuit.

this provision. *See Williams v.Bonar, et al.*, 5:01cv110 (N.D. W. Va..), ECF No. 8 (Order affirming Report and Recommendation that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A), *Williams v. Miles, et al.,* 2:08cv42 (S.D. W. Va.), ECF No.139 (order dismissing Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915A); *Williams v. Toler*, 2:08cv964 (S.D.W. Va..), ECF No. 10 (order adopting Report and Recommendation that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. 1915A for failure to state a claim upon which relief can be granted); *Williams v. Crawford, et al.,* 2:09cv585 (S.D.W. Va.), ECF No. 22 (order adopting Report and Recommendation that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A for being legally frivolous and for failing to state a claim upon which relief can be granted)

While the PLRA includes an exception to the section 1915 (g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. As previously noted, Plaintiff's complaint concerns issues of parole and contains absolutely no allegations that would suggest that he faces any danger let alone imminent danger of serious physical injury. Accordingly, the Plaintiff cannot establish any facts to warrant an exception to the PLRA three strikes rule with respect to the claims that are actionable in this Court.

For the foregoing reasons, the undersigned recommends Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g), and his pending Motion for Leave to Proceed in forma pauperis [ECF No. 2] be **DENIED**. The undersigned further recommends that Plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

Within 14 days after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this court based upon such recommendation. 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

IT IS SO ORDERED.

The Clerk is DIRECTED to mail a copy of this report and recommendation to Plaintiff by certified mail, return receipt requested to his last known address as shown on the docket sheet and provide an electronic copy to counsel of record. Upon entry of this Report and Recommendation, the clerk of court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: February 13, 2019

          /s/ *James P. Mazzone*
          JAMES P. MAZZONE
          UNITED STATES MAGISTRATE JUDGE